**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARVIN BROWN, | : | Civil No. 3:26-cv-2921 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| COMMONWEALTH OF PA, *et al.*, | : | |
| Respondents | : | |

# MEMORANDUM

Petitioner Marvin Brown ("Brown"), an inmate confined in the State Correctional Institution, Albion, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Brown challenges his 2021 conviction for possession of a firearm and aggravated assault. (*Id.*). For the reasons that follow, the Court concludes that the petition is as an unauthorized "second or successive" habeas petition under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(b), and will dismiss the petition for lack of jurisdiction.

## I. Background

On May 17, 2021, Brown pled guilty to aggravated assault and a firearms offense in the Luzerne County Court of Common Pleas. (Doc. 1, at 1; *Commonwealth v. Brown*, No. CP-40-CR-0001330-2020 (Pa. Ct. Com. Pl. Luzerne Cnty.)). On that same date, the trial court sentenced Brown to an aggregate term of imprisonment of 5 to 10 years. (*Id.*). Brown

did not file a direct appeal in the Pennsylvania Superior Court. *See Commonwealth v. Brown*, No. CP-40-CR-0001330-2020.

On August 21, 2024, Brown filed a *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. ANN. § 9541, *et seq. See Commonwealth v. Brown*, 2026 WL 507863, at *1 (Pa. Super. 2026). Brown subsequently filed supplements to his PCRA petition. *See id.* On April 7, 2025, the PCRA court dismissed the PCRA petition and supplements. *See id.* On or about August 2, 2025, Brown filed a *pro se* notice of appeal with the Pennsylvania Superior Court. *See id.* On February 24, 2026, the Pennsylvania Superior Court affirmed the order of the PCRA court "on the basis that the PCRA court lacked jurisdiction to consider the merits of the petition because it was untimely filed, and Brown failed to prove that any timeliness exception applied." *Id.* at *5.

On March 12, 2026, Brown filed a second PCRA petition. (Doc. 1, at 3; *Commonwealth v. Brown*, No. CP-40-CR-0001330-2020). On May 21, 2026, the PCRA court dismissed the March 12, 2026 petition. (*Id.*). On June 17, 2026, Brown filed a notice of appeal with the Pennsylvania Superior Court. (*Id.*). On June 30, 2026, the Pennsylvania Superior Court directed Brown to show cause why his appeal should not be quashed as having been taken from an order denying a PCRA petition that was filed before Brown's prior PCRA petition was fully resolved. *Commonwealth v. Brown*, 974 MDA 2026 (Pa. Super.). On September 18, 2026, the Pennsylvania Superior Court quashed the appeal. (Doc. 1, at 4, *Commonwealth v. Brown*, 974 MDA 2026).

On or about August 18, 2025, Brown filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Luzerne County Court of Common Pleas conviction. *Brown v. Commonwealth of Pa., et al.*, No. 3:25-cv-1597 (M.D. Pa.). On February 24, 2026, this Court dismissed the habeas petition as untimely. *Id.*, Docs. 20, 21. Brown did not appeal to the United States Court of Appeals for the Third Circuit. *See id.*

On or about September 22, 2026, Brown filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, again challenging his Luzerne County Court of Common Pleas conviction. (Doc. 1). Brown argues that he is serving more than his maximum sentence date, that the state court had "no jurisdiction", and that there was a "violation of a Commonwealth plea-agreement." (*Id.* at 5, 6, 8).

## II. <u>Legal Standards</u>

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

Additionally, pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior

and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. Discussion

The present petition challenges the same conviction that was challenged in Brown's first habeas petition, and the dismissal of Brown's first habeas petition as time-barred constitutes an adjudication on the merits for second or successive habeas purposes. *See Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013) ("Rohn previously filed a § 2254 petition that was dismissed as untimely, and, because that disposition counts as a ruling on the merits for purposes of 28 U.S.C. § 2244(b), he must seek permission from [the Third Circuit] to file a second or successive habeas petition pursuant to § 2244(b)."); *see also Lundy v. Superintendent Frackville SCI*, 2022 WL 18301487 (3d Cir. Nov. 23, 2022) (unpublished) ("The dismissal as untimely of Appellant's prior habeas petition, see *Lundy v. Brittain*, No. 1:21-cv-01259, 2021 WL 5416279 (M.D. Pa. Nov. 19, 2021), which challenged the same conviction at issue here, rendered subsequent petitions challenging that conviction second or successive..." (citations omitted)). In addition, Brown either did assert or could have asserted the instant grounds for relief in his first petition. Given these circumstances, the Court concludes that the instant petition constitutes a second or successive habeas petition under 28 U.S.C. § 2244.

Brown does not allege, and the record does not indicate, that the Third Circuit Court of Appeals authorized the filing of the instant second or successive habeas petition. Consequently, the Court concludes that it lacks jurisdiction to consider the petition. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139. The Court further concludes that it would not be in the interest of justice to transfer this case to the Third Circuit because nothing in the petition satisfies the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will dismiss the petition for lack of jurisdiction.

## IV. Conclusion

For the foregoing reasons, Brown's unauthorized second or successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be dismissed for lack of jurisdiction. The Court declines to issue a certificate of appealability because Brown has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: October 2, 2026